IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDINSON ALFONSO GARCIA ZAMBRANO**<br><br>v.<br><br>**JAMAL L. JAMISON**, *et al.* | CIVIL ACTION<br><br>No. 26-0760 |

Henry, J.                                                                                                    February 10, 2026

**<u>MEMORANDUM</u>**

    Edinson Alfonso Garcia Zambrano is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[1] This distinction deprives a detainee like Garcia Zambrano of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the one appellate authority on point, I grant Garcia Zambrano's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

---

[1] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

## I. BACKGROUND

On February 5, 2026, Garcia Zambrano filed a petition for a writ of habeas corpus. The respondents have expressly disclaimed any dispute as to the factual content of the petition or any need for further evidence. By agreement of the parties, Garcia Zambrano is (or was, on February 5) detained in the Philadelphia Federal Detention Center (FDC) by Warden Jamal L. Jamison, after being arrested by Immigration and Customs Enforcement (ICE) on February 2, 2026. Garcia Zambrano had entered the country without inspection on or about September 16, 2022, about three and a half years prior to his arrest. He is a lawful asylum seeker with a pending application for protection based on his fear of governmental violence in his home country based on his opposition to the government there. During the pendency of that application, Garcia Zambrano has attended routine check-ins with immigration authorities, and had arrived for one such check-in at the Philadelphia ICE office when he was arrested.

Because Garcia Zambrano is detained under the mandatory detention provision of 8 U.S.C. § 1125 (INA § 235), the respondents have determined that he will not be permitted a bond hearing, Br. in Opp. ("BIO") 5. (Notably, outside the response brief, they have not informed him as to the reasons for his arrest.)

## II. DISCUSSION

As the respondents acknowledge, "[t]he legal question concerning the proper detention authority for certain categories of applicants for admission has been considered by numerous courts," of which "[t]he vast majority—including all decisions in this district (more than 150 to date)— have rejected the government's position." BIO 2; *compare id. with Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (citing the government's similar disclosure at the time of merely "[t]he majority" of numerous courts including all five Third Circuit district court

decisions at that point). The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations.[2] The issue has been considered by one appellate court, which rendered its opinion only days ago. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *e.g.*, Notice of Appeal, *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Feb. 2, 2026), but it has not yet produced a decision on the matter.

Is Garcia Zambrano properly detained under the mandatory detention provisions in 8 U.S.C. § 1225? According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Garcia Zambrano was "seeking admission" in this section although he had been in the country since 2022 and was detained in early 2026. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Garcia Zambrano seeks to be "admitted" to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025); It threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025); *accord Buenrostro-Mendez*, 2026 WL 32330 at *12 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory

---

[2] The respondents have challenged this Court's jurisdiction prior to the merits in previous cases, but they raise no jurisdictional challenge here.

detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 2026 WL 323330 at *4 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

The respondents additionally the question of whether Garcia Zambrano's prior detention, which might have been properly authorized under § 1225, informs the authority and legality of his detention without bond here. They cite *Matter of Q. Li*, 29 I&N Dec. 66, 69–70 (BIA 2025), held that a respondent placed in expedited removal proceedings was therefore ineligible for release under § 1226 and rejected her argument that mandatory detention would not apply because she was planed in full removal proceedings. But the reasoning of *Q. Li* was based on the nature of that respondent's arrest "less than 100 yards north of the southern border *as she tried to illegally enter the United States*" and relied on § 1225(b)'s authorizing detention "at the border." *Id.* Respondents here characterize Garcia Zambrano has having been detained while "arriving . . . just inside the southern border, and not at a point of entry, on the same day [he] crossed into the United States." BIO 7–8 (cleaned up and including direct quotation from a decision cited by the *Q. Li* panel). Without reaching the merits of *Q. Li*, I have no factual bases on which to apply its specific reasoning: Per the petition, whose facts are undisputed, Garcia Zambrano entered the United States to seek asylum "on or about September 16, 2022." Pet'n ¶ 32. It proceeds, "[o]n information and belief, the Petitioner was released into the interior" and then "timely filed for asylum on August 29, 2023." *Id.* ¶ 33. With these sparse facts, I simply lack much information at all from which to

ascertain the circumstances of Garcia Zambrano's original detention, including the date or location thereof. I am reluctant to assume he was not originally detained after many months' presence and in Pennsylvania, where he engaged immigration counsel. *See* Form I-797C Notice of Action (ECF 1-8). To the extent that *Q. Li* is cited as a mere predecessor to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 222–24 (BIA 2025), the administrative decision whose holding has been directly rejected 150 times in this district, it does not modify to the analysis.

Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Garcia Zambrano is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Garcia Zambrano has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III. CONCLUSION

For the reasons given above, Garcia Zambrano's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226.